UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS DERISE CORBRAY,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

Case No. C24-5432-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Dennis Corbray is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to the judgment and sentence entered in Pierce County Superior Court case number 01-1-04411-9. (*See* dkt. # 1-1 at 2.) Petitioner has filed other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on June 5, 2024. (*See* dkt. # 1.) As noted above, the petition relates to the judgement and sentence entered under Pierce County Superior Court case number 01-1-04411-9. (*See* dkt. # 1-1 at 2.) Petitioner asserts in his petition that his current custody violates his substantive due process rights under the Fourteenth Amendment because two prior convictions used to enhance the sentence he is currently serving are no longer final but are still being used to confine him. (*Id.* at 6.)

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner has filed three prior federal habeas petitions challenging the same Pierce County Superior Court judgment and sentence. *See Corbray v. Carter*, C06-5043-RJB, *Corbray v. Bennett*, C24-5122-TL; *Corbray v. Bennett*, C24-5284-RSM.[1] In Petitioner's initial federal habeas action, the Court denied the petition on the merits. *See* C06-5043-RJB, dkt. ## 22, 24. In Petitioner's two most recent habeas actions, the Court dismissed the petitions for lack of jurisdiction upon finding the petitions were second or successive. *See* C24-5122-TL, dkt. ## 5, 16; C24-5284-RSM, dkt. ## 5, 6.

The fact that Petitioner's initial federal habeas action was resolved on the merits renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28

---

[1] Petitioner filed an additional proposed petition which he voluntarily dismissed. *See Corbray v. Bennett*, C24-076-KKE-BAT, dkt. ## 12, 13.

U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 1-1) and this action be dismissed for lack of jurisdiction, and that a certificate of appealability be denied. This Court further recommends that Petitioner's application to proceed *in forma pauperis* (dkt. # 1), and all motions submitted by Petitioner in conjunction with his petition (dkt. ## 1-4, 1-5, 1-6, 1-7), be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

REPORT AND RECOMMENDATION
PAGE - 3

Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 19, 2024**.

DATED this 27th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge